## Case No. 2,173.
### BURNHAM v. ADAMS.
[2 Cliff. 569.] [1]

Circuit Court, D. Maine. Sept. Term, 1866.

EXECUTION—DISCHARGE FROM ARREST—INSOLVENT DEBTOR—LIABILITY OF JAILER.

1. A person being arrested by virtue of an execution issued on a judgment recovered against him in the supreme court of Maine, having given the bond provided in the 22d section of chapter 113 of the Revised Statutes of that state, and having cited the creditor before two justices of the peace and quorum, and having submitted himself to examination, is not entitled, before his disclosure is completed, to surrender himself into the custody of the jailer of the county where he was arrested, and there complete, before the same justices' court, the disclosure began before the surrender.

2. If, under such circumstances, the justices decide that the debtor is entitled to the benefit of the oath provided in the 28th section, and deliver to him the certificate prescribed in section 31, the debtor is not entitled to recover in an action of trespass for damages against the jailer for refusing to release him.

At law. Motion for a new trial. Action of trespass [by Daniel Burnham] against the defendant [Edward L. O. Adams], as jailer of Cumberland county, to recover damages for an alleged illegal imprisonment of the plaintiff, who was arrested by virtue of an execution issued on a judgment obtained against him by one Isaac Dyer, in the supreme court of the state. When arrested, the present plaintiff, Burnham, gave bond as provided in the 22d section of the 113th chapter of the Revised Statutes of Maine, and subsequently, in accordance with the provisions of that section, cited the creditor before two justices of the peace and quorum, and submitted himself to examination as a poor debtor, with the view of taking the oath and obtaining the discharge provided

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

for in the 32d section of the same chapter. The bond thus given under the statute contained three conditions, namely, that within six months thereafter the execution debtor should thus cite the creditor and submit himself to examination and take the oath prescribed, or pay the debt, costs, and fees arising in the execution, or deliver himself into the custody of the keeper of the jail to which he was liable to be committed under the execution. Burnham cited the creditor, and the justices organized their court, and the disclosure progressed for several days; but the six months limited in the bond being about to expire, he, as he had a right to do, changed the method of complying with the conditions of the bond from the first-named to the third, and surrendered himself on the execution, by a formal surrender in writing, to the keeper of the jail in the county of Cumberland, where he was arrested. The justices' court then adjourned their sitting to the jail in which the debtor was confined by reason of his surrender, and there concluded the disclosure, deciding that the debtor was entitled to the benefits of the oath provided in the 113th chapter, and ordered his discharge. The jailer (the present defendant) refused to release the prisoner, and hence this action. Plea was the general issue. At the close of the plaintiff's testimony in this suit, the court instructed the jury that in judgment of law the plaintiff was not entitled to recover, and directed a verdict for defendant, subject to the opinion of the court upon questions of law. The ground of the motion for new trial was error in the instructions of the court.

The 23d section of the 113th chapter of the Revised Statutes before referred to, provides a mode of procedure for a disclosure when the debtor is in jail on execution issued against him, namely, he may apply to a justice of the county, or, at his request, the jailer shall apply for him, upon which similar steps are taken as when the debtor has given bond.

H. L. Whitcomb, for plaintiff.

It was the imperative duty of the jailer to discharge the debtor on his filing with him the discharge of the justices. Rev. St. Me. c. 113, § 32. The jailer could not go behind the certificate of the justices, and he had no discretion to determine whether the discharge was properly or improperly granted. No want of jurisdiction appeared from the certificate; and the jailer is not a 'court to revise the proceedings of the justices' court. The object of the poor debtors' act is to place the debtor where the creditors may examine him, which object was completely fulfilled in this case.

J. D. Fessenden and W. H. Clifford, for defendant.

The question is, whether the debtor, being in jail on an execution in a civil suit, com-

plied with the requirements of the statute regulating the manner of his discharge. The method of proceeding is explained in chapter 113, § 23, Rev. St. Me., namely, the debtor, "who is in jail on an execution in a civil suit, may apply to a justice of the peace and quorum, &c., or, at his request the jailer shall apply for him." No such application was made. The disclosure was commenced under a different provision of the 113th chapter, namely, section 22; but the debtor not having begun his disclosure sufficiently early within the six months limited in his bond to be enabled to complete it, chose, in order to release the sureties to comply with its conditions, not by completing the disclosure, but by surrendering himself. The bond was thus discharged; and being the basis of the proceedings for that disclosure, the disclosure could legally proceed no further. To the altered circumstances in which the debtor placed himself, different provisions of the statute became applicable. See State v. Hall, 49 Me. 412. The justices' court that administered the oath to Burnham was not organized to release him from jail, but to comply with one of the conditions of his bond; and he, by surrendering himself, relinquished the attempt to save the bond by disclosure, but discharged it by compliance with another of its alternative conditions, namely, going to jail. The supreme court of this state has decided the question in Garland v. Williams, Id. 18.

CLIFFORD, Circuit Justice. Such a motion as this is properly addressed to the judge's minutes, which cannot be controlled, not even by the agreement of the parties, without the concurrence of the court. Where there is no dispute about the facts, however, the practice of reducing the facts to an agreed statement as a means to prevent misrecollection is without objection. The parties in this case have reduced the facts to writing, and the agreed statement appears to be correct.

(At this point the court rehearsed the facts substantially as they appear in the statement.)

The views of the plaintiff are, that the discharge by the justices was valid, and that it entitled him to a discharge from prison. Dyer recovered judgment against him, on which execution was duly issued, and he was arrested on that execution. Persons so arrested may be released by giving bond to the creditor for double the sum for which they are arrested, with surety or sureties, approved as required, and proceeding as provided in the act for the relief of poor debtors. The conditions of the bond are required to be that he will, within six months thereafter, cite the creditor before two justices of the peace and of the quorum: submit himself to examination and take the oath prescribed in section twenty-eight; pay the debts, inter-

est, costs, and fees arising in said execution; or, deliver himself into the custody of the keeper of the jail to which he is liable to be committed under said execution. Execution debtors giving such a bond may fulfil the conditions, and discharge the same, and thereby relieve their sureties on the bond, in any one of three ways: first, they may cite the creditor as required, submit themselves to examination, and take the prescribed oath; second, they may pay the debt, interest, costs, and fees arising in the execution; third, they may deliver themselves into the custody of the keeper of the jail to which they are liable to be committed under said execution. The right of choice is in the debtor, and the case shows that he selected the first mode. The requirement in that case is, that he "shall apply in writing within the time limited in his bond, to a justice of the peace in the county where he was arrested," claiming the benefit of the oath, authorized in section twenty-eight; and the provision is, that the justice shall appoint a time and place for his examination, and issue a citation to the creditor under his hand and seal. Due service must be made, as provided, and the examination must be before two justices of the peace and quorum for the county; and if on such examination and hearing the justices are satisfied that the debtor's disclosure is true, and they do not discover anything therein inconsistent with his taking the oath, they may administer it to him. Rev. St. 640. In this case the debtor cited the creditor, and the justices organized the court, and the disclosure progressed for several days. But the six months limited in the bond being about to expire, the plaintiff, as he had a right to do, changed his mind, and elected to pursue the third mode to fulfil the condition of the bond, and accordingly voluntarily surrendered himself on the execution, by a formal surrender in writing, to the keeper of the jail in the county of Cumberland, where he was when arrested. When he thus surrendered himself, and was taken into custody by the jailer, he was legally imprisoned under the execution, and the prior bond which he had given was discharged. Neither he nor his sureties were any longer liable on that bond. They had fulfilled its conditions, and it was functus officio. The imprisonment of the plaintiff commenced at the date of his committal, made in pursuance of his voluntary surrender. The prior proceedings before the justices were based on the bond given to release the debtor from the arrest made by the officer, and not on the imprisonment of the plaintiff, which took place subsequently. Those proceedings legally came to an end when the debtor elected to fulfil the conditions of the bond by delivering himself into the custody of the keeper of the jail, and that determination had been carried into effect. Such surrender, and commitment in pursuance of it, has the effect to change the char-

acter of the debtor, as he then becomes a debtor not under arrest by an officer, or under bond to cite the creditor, but a debtor imprisoned in the jail, liable to perpetual imprisonment unless he gives a new bond, or is discharged in some of the modes provided by law. Being in jail he may still apply to a justice of the same county, or at his request, the jailer shall apply in his behalf, claiming the benefit of the poor debtors' oath. The form of the certificate to be given by the justices as evidence of the discharge of the debtor is different in the latter case from that in the former. Independently, therefore, of any decision, I am of the opinion that by the true construction of the poor debtors' act, the proceedings of the justices, after the voluntary surrender and commitment of the plaintiff, were without any legal effect and void; but the decision of the supreme court of the state is to the same effect, and that, I think, ought to be regarded as conclusive. Garland v. Williams, 49 Me. 18.

Reference is made to the fact that the judges were not unanimous, but that cannot make any difference, as the opinion of the majority is the opinion of the court.

Judgment on the verdict.